412 A.2d 507

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Matthew SWINT, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 25, 1980.

Decided March 20, 1980.

---

Vincent J. Fumo, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Division, James Jordan, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN and FLAHERTY, JJ.

## OPINION

FLAHERTY, Justice.

This is a direct appeal from judgment of sentence imposed by the Court of Common Pleas of Philadelphia County. Appellant was originally tried before a jury and convicted of murder, assault and battery and various weapons offenses in December, 1973. On appeal, we reversed and remanded for a new trial by Order of Court dated January 29, 1976. See, *Commonwealth v. Swint*, 465 Pa. 450, 350 A.2d 851 (1976). Appellant was subsequently retried and convicted by a jury of murder in the first degree of one victim and aggravated assault on another victim. Post verdict motions were denied and a sentence of life imprisonment was imposed upon the murder conviction, with a concurrent sentence of five to ten years imprisonment imposed upon the conviction for assault. This appeal followed.[1]

---

1. Appeal from the judgment of sentence imposed upon the murder conviction was taken pursuant to the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, § 2, as amended, 42 Pa.C.S.A. § 722(1). The appeal of the judgment of sentence for aggravated assault was certified to this Court from the Superior Court and is considered here. At the close of the Commonwealth's case, the trial judge

Appellant contends that he was denied his Sixth Amendment right to effective assistance of counsel in that counsel failed to object to commencement of trial beyond the period prescribed by Pa.R.Crim.P. 1100(e). Secondly, appellant maintains that the trial court erred in admitting into evidence a prior consonant statement made by a prosecution witness. We find no merit to the latter and we are unable to adequately consider appellant's first argument without an additional finding of fact by the lower court. Accordingly, we remand.

Briefly, the facts constituting the offenses are these: At approximately three o'clock on the morning of August 13, 1972, appellant entered the Cobblers Club in Philadelphia. Appellant stood by the door with a gun in his hand and yelled, "Where's Boatwright?" At that point, Samuel Hill, one of the patrons in the Club, walked over to appellant to talk to him, whereupon appellant shot him in the back. Walter Boatwright then ran to the front of the bar. Appellant shot Boatwright in the head, then pulled the fallen man up by the collar and shot him again in the neck. The appellant turned from his dead victim (Boatwright) and fired the now-empty weapon once more at Hill before fleeing. Although partially paralyzed, Hill survived to testify against appellant at his trial.

■ Appellant first argues that he was denied effective assistance of counsel in that his trial counsel failed to interpose a timely objection to commencement of trial one day beyond the period prescribed by Pa.R.Crim.P. 1100(e)(2),[2] which requires commencement of trial within 120 days of the date of remand when an appellate court grants a new trial. The chronology relevant to appellant's Rule 1100

granted a demurrer to the weapons charge, which had been the occasion for the earlier reversal and new trial.

2. Section (e)(2) states:
(2) When an appellate court court has granted a new trial, or has affirmed an order of a trial court granting a new trial, the new trial shall commence within one hundred and twenty (120) days after the appellate court remands the record to the trial court. The date of remand shall be the date as it appears in the appellate court docket.

claim may be summarized as follows: On January 29, 1976 this Court reversed appellant's first conviction and remanded for a new trial. Under Rule 1100(e), the Commonwealth was required to commence trial by May 27, 1976.[2a] On May 4, 1976, the trial court granted, without defense objection, the Commonwealth's petition for extension of time for sixty days. Thus, the deadline for commencement of trial was extended to July 27, 1976.

On July 22, 1976, appellant was arraigned for trial before Judge Geisz. At that time, the following discussion was held in appellant's presence between the court and appellant's trial counsel:

[Assistant District Attorney]: Your Honor, Commonwealth of Pennsylvania will now move for trial and ask that the defendant be arraigned on the following three Bills of Indictment  .   .   .

\*     \*     \*     \*     \*     \*

THE COURT:  .   .   .  I see. This is a case with a 1972 date on it. Does that run into any problem of—is this— has this case—a new trial been granted in this—

[Defense Counsel:] Yes, Your Honor.

THE COURT: Could you explain, Mr. [defense counsel]?

[Defense Counsel:] A new trial was granted in this case by the Supreme Court of Pennsylvania, your Honor, and as I understand it, the Commonwealth is now moving to retry the entire case.

THE COURT: I see. And is it within the ninety days that is required to be tried?

[Defense Counsel:] It is within one hundred—

[Assistant District Attorney:] It is within the time period, your Honor, that is correct.

**2a.**  May 27, 1976 is the date recited in both the Commonwealth's and appellant's briefs. It is also the date given in the trial court's opinion. Our computation, however, indicates that 120 days after January 29, 1976 (the date of the remand order) fell on May 28, 1976. Our computation also discloses that this error has no effect whatsoever on the July 27 deadline.

[Defense counsel:] The time period, your Honor, as I understand it, runs on the 27th day of June—July, I'm sorry.

[Assistant District Attorney:] July 27th is the—

THE COURT: Which would be this coming Monday:

[Defense counsel:] Tuesday, your Honor.

THE COURT: So, that's the time period within which to commence to trial?

[Defense counsel:] This is correct.

[Assistant District Attorney]: That is correct, your Honor.

THE COURT: And we consider this as time for commencing trial and which would be done by the defendant being arraigned, is that correct?

[Assistant District Attorney:] That is correct, your Honor, and with the Court's permission, may we have the defendant arraigned?

THE COURT: Will you proceed.

[Whereupon the defendant was arraigned.]

THE COURT: . . .

Now, the arraignment—we will consider that any regulations of Court for Rule 1100 have been complied with. *The defendant is now ready for trial.*

*Now, what is your present situation as far as commencing to trial today, [defense counsel]?*

[Defense Counsel:] *Well, if your Honor pleases, when I discussed this with Judge Cavanaugh it was my understanding the trial would start either Monday or Tuesday.*

THE COURT: I see.

[Defense Counsel:] And I think your Honor has some conflict on Monday. Judge Cavanaugh told me.

THE COURT: Yes. On Saturday, we begin our State Conference of State Trial Judges and I'm moderator of a panel discussion on probation and parole, at which I hope to learn an awful lot from the rest of the panel.

[Defense Counsel:] I'm sure you're input will be good, too.

THE COURT: We better make it—start selecting a jury on Monday morning at 9:30, is that satisfactory?

[Defense Counsel:] That is all right, your Honor.

THE COURT: Is that all right with you, [Assistant District Attorney]?

[Assistant District Attorney:] Yes, sir.

THE COURT: All right. Then we'll recess now in the case of Commonwealth versus Matthew Swint, to begin selection of a jury at 9:30 on Wednesday morning.

[Defense Counsel:] Wednesday morning.

THE COURT: In this room. And I will ask the Court Crier to make arrangements that a panel be ready at that time.

COURT CRIER: For Wednesday?

THE COURT: Voir dire for Wednesday at 9:30.

COURT CRIER: Yes, sir.

THE COURT: We'd like to get first week jurors, too.

COURT CRIER: All right, your Honor, I'll ask.

THE COURT: Supposed to be reporting for Monday. Is that what Counsel—I think it works out better that way.

[Assistant District Attorney:] Yes, sir it does. Thank you very much, your Honor.

THE COURT: Recess until the call of the Crier. I may have something this afternoon.

\* \* \* \* \* \*

(Whereupon, this case was adjourned to Wednesday, July 28, 1976.)

\* \* \* \* \* \*

(N.T. 7/22/76, 3–9)

Based upon the above quoted excerpt, appellant argues that his trial counsel was ineffective in failing to timely move for dismissal of the charges due to commencement of trial one day after the allowable period under Rule 1100. The Commonwealth counters this contention with the argument that defense counsel, after accepting the trial judge's statement that arraignment would constitute commencement of trial for purposes of Rule 1100, consented on the record, in the presence of the appellant, to begin jury

selection on July 28, 1976, one day beyond the allowable period,[3] and that such agreement amounted to a waiver of appellant's Rule 1100 right. We do not address this controversy today, but recognize our ability to do so upon our receipt of an additional finding of fact from the trial court.

Our concern, after reviewing the record, is whether the 120 day period did in fact expire on July 27, 1976, or whether it was actually extended to July 28, 1976 by reason of defense counsel's unavailability to start trial on July 22, at which time it appears the trial judge was prepared to begin. (See italicized dialogue, supra at 510.) Section (d)(1) of Rule 1100 states that:

(d) In determining the period for commencement of trial, there there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

(1) the unavailability of the defendant *or his attorney*; (emphasis added)

If defense counsel was in fact unavailable to start trial at the time Judge Geisz proposed to do so, then that day must be excluded from computation of the 120 day period. In that event, the period would have been extended by a day to July 28, 1976, the date on which the trial actually began with selection of the jury.

We are, however, unprepared to find, as a matter of law, that defense counsel was unavailable on the day in question. Although we are of the opinion that the record supports such a finding of fact, we do not purport to indulge ourselves in the fact finding function. Accordingly, we remand to the trial judge for a further finding of fact, limited solely to the question of whether defense counsel was unavailable on the day in question.

**3.** We established in *Commonwealth v. Lamonna*, 473 Pa. 248, 373 A.2d 1355 (1977), which was decided after the facts of the instant case occurred, that trial is commenced for purposes of Rule 1100 at the time the jury is empaneled or voir dire begins, *not* at the time the case is called for trial or the defendant is arraigned. *See also*, Comment, Pa.R.Crim.P. 1100.

■  Appellant further alleges as error that a prior consonant statement uttered by a prosecution witness and introduced by the Commonwealth was erroneously admitted into evidence by the trial judge.[4]  We find no merit to this and hold that the prior consonant statement was admissible.

■  In an effort to impeach the credibility of one of the Commonwealth's eyewitnesses to the murder, Betty McClonton, defense counsel extensively cross examined her upon discrepancies in her testimony at appellant's first and second trials.  Defense counsel presented excerpts from her testimony at the first trial contradictory to Ms. McClonton's assertion that she had spoken to the police the morning after the crime and introduced prior statements inconsistent with her recollection of the details of her actions and those of the appellant and his victims during the shooting.  In his summation, defense counsel argued to the jury that these inconsistencies seriously detracted from the witness' credibility and rendered Ms. McClonton unworthy of belief.

In response to the defense attack and in an effort to rehabilitate Ms. McClonton, the Commonwealth sought to introduce a prior statement made by Ms. McClonton to a Detective James Richardson which was consistent with her testimony on the stand.  Detective Richardson testified that he had interviewed Ms. McClonton concerning the circumstances of the shooting and that she gave him a statement in which she identified the appellant as the murderer.  This

4.  The Commonwealth argues that appellant has not properly preserved this issue for our review.  We disagree.  Although appellant's post-verdict motions contained only boilerplate challenges to the verdict and were therefor inadequate to preserve the error, appellant did file a brief in which he specifically raised the present issue, and the post-verdict motions court did give its consideration to the issue. We have held that such procedure is adequate to preserve a point for appellate review.  *Commonwealth v. Slaughter*, 482 Pa. 538, 394 A.2d 453 (1978); *Commonwealth v. Grace*, 473 Pa. 542, 375 A.2d 721 (1977).  *But see, Commonwealth v. Gravely*, 486 Pa. 194, 404 A.2d 1296 (1979) (holding that only those issues included in written postverdict motions will be considered preserved for appellate review, such rule to have only prospective effect, however).

statement was consistent with Ms. McClonton's testimony at trial.[5]

Under the circumstances, we find no error in admitting Ms. McClonton's prior consistent statement. In *Commonwealth v. Wilson*, 394 Pa. 588, 602–03, 148 A.2d 234, 242 (1959), we stated the applicable law to be as follows:

As a general rule a statement made by a witness at one time, while admissible to contradict him, is not competent to corroborate or substantiate his present testimony. Were it not otherwise, the door might be opened to the fabrication of evidence. However, there are certain well-recognized exceptions to this general rule: prior declarations of a witness, which are consistent with his present testimony, may be admissible to corroborate his present testimony if it be alleged that the witness' present testimony is recently fabricated, or if it be claimed that the witness is testifying from corrupt motives.

Evidence of consonant statements, if admissible, are admissible only in rebuttal and then only for the purpose of showing that that which the witness now testifies to has not been recently fabricated and not for the purpose of proving the truth of the present testimony. (footnote omitted).

See also, *Commonwealth v. Gaddy*, 468 Pa. 303, 362 A.2d 217 (1976) (plurality opinion); *Commonwealth v. Ravenell*, 448 Pa. 162, 292 A.2d 365 (1972); *Commonwealth v. Carr*, 436 Pa. 124, 259 A.2d 165 (1969); *Commonwealth v. Vento*, 410 Pa. 350, 189 A.2d 161 (1963); Lilly, The Law of Evidence, § 52 at 183 (1978); McCormick, Evidence, § 49 at 106 (1972).

Our review of the record leads us to the conclusion that the prior consonant statement was properly admitted to

5. On cross examination, Ms. McClonton testified that she spoke to a Detective LaRue approximately one week after the shooting and, in response to his questions, told him that she knew nothing about the incident. (N.T. 8/3/76, 70). On re-cross, Ms. McClonton indicated that her memory was unclear as to what she had actually told Detective LaRue. (N.T. 8/3/76, 76). At trial, Ms. McClonton testified that she was present at the time of the shooting and that she saw appellant shoot both Hill and Boatwright.

rebut the implication of fabrication on Ms. McClonton's part which resulted from her impeachment by prior inconsistent statements. The trial judge indicated that he permitted the testimony, not because he believed "that [Ms. McClonton was] testifying from corrupt motives, [but because] there [was] some question as to [her] accuracy and some question as to whether [her testimony] was recently fabricated, meaning that [she] recently reviewed it and made up something without much accuracy." (N.T. 8/4/76 at 16). Moreover, the prior consonant statement was admitted only for rehabilitation purposes and not to corroborate Ms. McClonton's testimony. The trial judge made clear to the jury by instructing them prior to the introduction of the prior consonant statement that they were to consider the evidence solely for the purpose of rehabilitating Ms. McClonton and "*not* for the purpose of proving the truth of the testimony that she gave." (N.T. 8/3/76 at 94). Thus the limited admissibility of the evidence was properly explained to the jury. As such, we find that the testimony was properly admitted.[6]

Case remanded for proceedings consistent with this opinion.

EAGEN, C. J., and NIX, J., concurred in the result.

6. Ms. McClonton was not asked by either defense counsel or counsel for the prosecution for an explanation as to why her present testimony varied in several places from her testimony at the previous trial. We note, however, the significant time lapse between the incident (August 1972), the first trial (December 1973), and the second trial (July 1976) and recognize the accompanying probability of a lapse of the witness' memory. As for Ms. McClonton's prior statement to Detective LaRue that she knew nothing about the crime and her subsequent statement to Detective Richardson (as well as her testimony at trial) that she saw appellant shoot Boatwright and Hill, the reason for the inconsistency was explained by Detective Richardson. Apparently, Ms. McClonton had herself had some dealings with the police prior to the incident herein. As a result of this prior involvement, she was apparently willing to talk to Detective Richardson but was reluctant to talk to other detectives. Thus, this explains why she would tell Detective LaRue that she knew nothing about the crime, but was willing to make a statement to Detective Richardson.

LARSEN, J., filed a concurring and dissenting opinion.

ROBERTS, J., filed a dissenting opinion.

ROBERTS, Justice, dissenting.

I would remand for a determination of whether Rule 1100 was violated.

If such a violation is found, then trial counsel's failure to raise the violation constitutes ineffective assistance of counsel, since there can be no reasonable basis for this inaction. See *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). Counsel's ineffective assistance in pursuing a Rule 1100 violation requires that appellant be discharged. See *Commonwealth v. Von Smith*, 486 Pa. 564, 406 A.2d 1034 (1979) (untimely motion for severance cannot be predicated upon any reasonable trial strategy); *Commonwealth v. Stone*, 437 Pa. 496, 264 A.2d 406 (1970).

LARSEN, Justice, concurring and dissenting.

I concur with the majority holding as to the lower court admitting into evidence a witness' prior consonant statement. I dissent, however, to the majority's holding in regard to Pa.R.Crim.P. 1100(e). There was no violation of said rule as all parties agreed to the trial date. I would, therefore, affirm the judgment of sentence.