431 A.2d 1001

COMMONWEALTH of Pennsylvania, Appellee,

v.

Matthew SWINT, Appellant.

Supreme Court of Pennsylvania.

Argued Jan. 25, 1980.

Supplemental Brief for Appellant Submitted Dec., 1980.

Decided July 8, 1981.

Vincent J. Fumo, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Division, James Jordan, Philadelphia, for appellee.

570

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

Appellant Matthew Swint was convicted in the Court of Common Pleas of Philadelphia of murder of the first degree and aggravated assault. Appellant took a direct appeal to this Court, whereupon we remanded for further factual determinations. *Commonwealth v. Swint*, 488 Pa. 279, 412 A.2d 507 (1980). Appellant asserts a denial of his Sixth Amendment right to effective assistance of counsel in that counsel failed to object to commencement of trial beyond the period prescribed by Rule 1100(e).

After a thorough review of the briefs and the record we hold appellant was not denied effective assistance of counsel at trial, and, therefore, we affirm.

Judgment of sentence affirmed.

ROBERTS, J., filed a dissenting opinion.

ROBERTS, Justice, dissenting.

I dissent. Although appellant was arraigned before the run date of Pa.R.Crim.Proc. 1100, jury selection did not begin until after expiration of the run date. The Commonwealth sought no extension pursuant to Rule 1100(c). Thus, because trial did not begin within the time period prescribed by Rule 1100, Rule 1100 was violated. *Commonwealth v. Lamonna*, 473 Pa. 248, 373 A.2d 1355 (1977).

Although *Lamonna* was not decided until after this Rule 1100 violation, that decision merely restated the obvious. That trial does not commence within arraignment has always been clear from the Comment to the Rule, see *Commonwealth v. Lamonna*, supra, 473 Pa. at 255, 373 A.2d at 1358–59; 473 Pa. at 259–60, 373 A.2d at 1360–61 (Eagen, C. J. concurring, joined by Roberts, J.), as well as from fundamental principles of criminal law and procedure. Cf., e.g., *Serfass v. United States*, 420 U.S. 377, 95 S.Ct. 1055, 43

L.Ed.2d 265 (1975), and Schulhofer, Jeopardy and Mistrials, 125 U.Pa.L.Rev. 449, 454 (1977) (jeopardy attaches when jury sworn or when judge begins to hear evidence).

Counsel's failure to preserve objection to this Rule 1100 violation wholly lacks a "reasonable basis designed to effectuate his client's interests" within the meaning of our test of ineffective assistance of counsel. See *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604–605, 235 A.2d 349, 352–53 (1967). Clearly the Commonwealth may not successfully defend against a claim of ineffective assistance simply on the basis that a case such as *Lamonna* presenting similar facts has not yet been decided. To hold otherwise would be to ignore defense counsel's obligation, as an advocate, to raise available claims which advance the client's interests. Appellant should be discharged.

WILKINSON, J., joins this dissenting opinion.