J. S10032/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ROBERT COVERT, | : | No. 1517 MDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered August 29, 2019,
in the Court of Common Pleas of Huntingdon County
Criminal Division at No. CP-31-CR-0000514-2017

BEFORE:  PANELLA, P.J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JULY 08, 2020**

Robert Covert appeals from the August 29, 2019 judgment of sentence entered by the Court of Common Pleas of Huntingdon County following his conviction of theft by unlawful taking.[1]  The trial court sentenced appellant to 18-36 months' incarceration, with credit for time served, to be followed by three years' probation.  After careful review, we affirm.

The following procedural history can be gleaned from the record:  On September 1, 2017, the Commonwealth charged appellant with burglary, criminal trespass, theft by unlawful taking, receiving stolen property, and criminal mischief.  The trial court scheduled jury selection to commence on July 2, 2018.  On July 2, 2018, appellant requested a continuance, and the

---

[1] 18 Pa.C.S.A. § 3921(a).

trial court rescheduled jury selection for November 5, 2018. (*See* notes of testimony, 7/2/18 at unnumbered page 2.)

On November 5, 2018, appellant failed to appear for jury selection. The trial court issued a bench warrant as a result of appellant's failure to appear. On February 26, 2019, appellant filed a motion for dismissal pursuant to Pa.R.Crim.P. 600(D)(1).[2] Following a hearing held on May 9, 2019, the trial court denied appellant's Rule 600 motion on May 21, 2019. Appellant filed a second Rule 600 motion on August 7, 2019,[3] which the trial court denied on August 8, 2019.

On August 19, 2019, a jury convicted appellant of one count of theft by unlawful taking. The trial court imposed sentence on August 29, 2019. On September 9, 2019, appellant filed a timely notice of appeal. The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and appellant timely complied. On November 4, 2019, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issue for our review:

> Did the trial court err when it denied [appellant's]
> Pre-Trial Motion to dismiss the above-captioned case

---

[2] While appellant's February 26, 2019 Rule 600 motion was pending, the trial court appointed Lance T. Marshall, Esq., to represent appellant, replacing Christopher B. Wencker, Esq.

[3] Appellant avers that he filed a second Rule 600 motion "[o]ut of an abundance of caution[] in order to preserve this issue for appeal." (Appellant's brief at 12 n.1.)

pursuant to Pa.R.Crim.[P]. 600(A)(2)(a) on May 21, 2019 and again on August 8, 2019 when the criminal complaint was filed on September 1, 2017 and a jury was selected on August 5, 2019?

Appellant's brief at 6.

> "In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion." ***Commonwealth v. Hill***, [] 736 A.2d 578, 581 ([Pa.] 1999). ***See also Commonwealth v. McNear***, 852 A.2d 401 (Pa.Super. 2004). "Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration." ***Commonwealth v. Krick***, [] 67 A.2d 746, 749 ([Pa.Super.] 1949). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused." ***Commonwealth v. Jones***, 826 A.2d 900, 907 (Pa.Super. 2003) (***en banc***) (citing ***Commonwealth v. Spiewak***, [] 617 A.2d 696, 699 n. 4 ([Pa.] 1992)).
>
> "The proper scope of review . . . is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court." ***Hill***, ***supra*** [] at 581; ***McNear***, ***supra*** at 404. ***See also Commonwealth v. Jackson***, 765 A.2d 389 (Pa.Super. 2000), ***appeal denied***, [] 793 A.2d 905 ([Pa.] 2002). "[A]n appellate court must view the facts in the light most favorable to the prevailing party." ***Id.*** at 392.
>
> . . . .
>
> In assessing a Rule 600 claim, the court must exclude from the time for commencement of trial any periods during which the defendant was unavailable, including any continuances the defendant requested and any periods for which he expressly waived his rights under Rule 600. Pa.R.Crim.P. 600(C). "A defendant has no

duty to object when his trial is scheduled beyond the Rule [600] time period so long as he does not indicate that he approves of or accepts the delay." ***Commonwealth v. Taylor***, [] 598 A.2d 1000, 1003 ([Pa.Super.] 1991), ***appeal denied***, [] 613 A.2d 559 ([Pa.] 1992) (addressing Municipal Court's counterpart to speedy trial rule). If the defense does indicate approval or acceptance of the continuance, the time associated with the continuance is excludable under Rule 600 as a defense request. ***Commonwealth v. Guldin***, [], 463 A.2d 1011, 1014 ([Pa.] 1983). Significantly, when the defendant signs the Commonwealth's motion for postponement and registers no objection to the postponement, and the motion indicates trial will be scheduled beyond the Rule 600 time limit, the signed consent without objection can be interpreted as consent to the new date and waiver of any Rule 600 claim arising from that postponement. ***Commonwealth v. Walls***, [], 449 A.2d 690, 692 ([Pa.Super.] 1982). Finally, "judicial delay is a justifiable basis for an extension of time if the Commonwealth is ready to proceed." ***Commonwealth v. Wroten***, [], 451 A.2d 678, 681 ([Pa.Super.] 1982).

***Commonwealth v. Hunt***, 858 A.2d 1234, 1238-1239, 1241 (Pa.Super. 2004) (***en banc***), ***appeal denied***, 875 A.2d 1073 (Pa. 2005).

Before we can review the merits of appellant's Rule 600 claim, we must first determine whether appellant has waived the issue by failing to appear for jury selection on November 5, 2018.[4] In ***Commonwealth v. Steltz***, 560 A.2d 1390 (Pa. 1988), our supreme court held that a "voluntary absence from

---

[4] "A trial commences when the trial judge determines that the parties are present and directs them to proceed to ***voir dire*** or to opening argument, or to the hearing of any motions that had been reserved for the time of trial, or to the taking of testimony, or to some other such first step in the trial." Pa.R.Crim.P. 600 cmnt., citing ***Commonwealth v. Kluska***, [], 399 A.2d 681 ([Pa.] 1979); ***Commonwealth v. Lamonna***, [], 373 A.2d 1355 ([Pa.] 1977).

a day set for trial **within** Rule [600] is a waiver of that rule." *Id.* at 1391 (emphasis added). Our supreme court reaffirmed its *Steltz* holding in *Commonwealth v. Brock*, 61 A.3d 1015, 1022 (Pa. 2013). Most recently, our supreme court in *Commonwealth v. Barbour*, 189 A.3d 944 (Pa. 2018), restated the holding in *Steltz* and reaffirmed that the waiver rule applies "only where a defendant fails to appear for a trial that complied with the requirements of Rule 600." *Id.* at 960-961. Accordingly, our initial inquiry is whether appellant's original trial date of November 5, 2018, complied with Rule 600.

Here, appellant's case was scheduled for jury selection on November 5, 2018—430 days after the Commonwealth filed the complaint in this case on September 1, 2017. Appellant concedes that a total of 70 days between the day the complaint was filed and his original date for jury selection are excludable for the purposes of Rule 600. (Appellant's brief at 18-19.) Taking into account the excludable time, the adjusted run-date for appellant's trial was November 13, 2018.[5] As conceded by appellant, had a jury been selected on November 5, 2018, "as [] was originally scheduled, [appellant] would have been within the Rule 600 time limits by a period of [eight] days." (Appellant's brief at 19.) We, therefore, find that appellant, through his voluntary absence

---

[5] Appellant's adjusted run date was November 10, 2018. Because November 10, 2018, fell on a Saturday and the trial court was closed on November 12, 2018, in observance of Veterans' Day, November 13, 2018, represents appellant's adjusted Rule 600 run date. *See* 1 Pa.C.S.A. § 1908.

J. S10032/20

from the original day set for jury selection within the Rule 600 time-frame, waives his Rule 600 claim.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/08/2020