497 A.2d 1346

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Gary T. FOOKS.**

Superior Court of Pennsylvania.

Submitted June 20, 1985.

Filed Aug. 23, 1985.

146

Eric B. Henson, Deputy District Attorney, Philadelphia, for Commonwealth, appellant.

Alexander Hemphill, Philadelphia, for appellee.

Before MONTEMURO, POPOVICH and WATKINS, JJ.

POPOVICH, Judge:

This is an appeal by the Commonwealth from the order of the Court of Common Pleas of Philadelphia County discharging the appellee, Gary F. Fooks, for violation of Pa.R. Crim.P. 1100. We reverse.

The facts with which we need to be concerned start with the Commonwealth's filing of its petition to extend the trial date of Mr. Fooks on September 19, 1984, which was two days after the mechanical run-date under Rule 1100 had expired.[1]

Of equal interest here is the fact that on September 9, 1984, after informal discovery was completed, the court below scheduled a half-day bench trial for December 17, 1984. This was the earliest possible date, consistent with the court's business, that the case could be tried. The

---

1. The computer read-out captioned "Criminal Transcript—Philadelphia Municipal Court" lists the date the complaint was filed as 3/19/84. However, the face of the "Complaint" indicates it was not issued ("filed") by the Judge of Municipal Court, according to his signatured-date, until 3/20/84. Nonetheless, the point to be made is that the Commonwealth's petition to extend was filed late, be it by one or two days.

record indicates, however, that no objection was lodged by the defendant or his counsel to this scheduling, despite the fact that the trial date was beyond the Rule 1100 run-date.

It was not until the date set for trial (December 17th) that the defendant's Rule 1100 rights came under scrutiny. The issue surfaced rather fortuitously after the court had conducted a jury waiver colloquy with the defendant, and the Commonwealth had asked to call its first witness.

Although the defendant's counsel stated he had no pre-trial motions to dispose of at the commencement of the proceedings, thereafter, he moved to have the record show, and, thus, protect his client's Rule 1100 rights, that he felt the 4–5 months the Commonwealth's witness/victim was in the hospital was "not an excuse for extending the rule."

To put the matter in perspective, the court decided to list the history of the case on the record. In the course thereof, it noted that the Commonwealth's petition to extend was signed by the court two days after the run-date (see note 1, *supra*). Thereafter, the court cautioned the Commonwealth that it "ha[d] to get some excludable time, at least two days of excludable time chargeable to the defense in order to make the filing date timely."

It was the court's position that, absent excludable time, the Commonwealth's late filing meant that it would be "out of court." The Commonwealth disagreed and presented a three-fold argument to support its belief that the defendant should be tried.

First, the Commonwealth averred that the defendant's failure to file a written motion in opposition to its petition, as well as his counsel's statement at the start of the proceedings that there were no pre-trial motions to be disposed of, rendered the extension question moot, and it could not be resurrected *sua sponte* by the court.

Second, the Commonwealth stated that the absence of any pre-trial motion by the defendant, in conjunction with his being colloquied by the court and the Commonwealth calling its first witness resulted in a commencement of trial,

and, as a result, constituted a waiver of any Rule 1100 claim.

Third, the Commonwealth proffered that the defendant failed to object at the September 4, 1984 proceeding to the trial being set beyond the run-date (to December 17, 1984) was, in its view, silent acquiescence to the extension under *Commonwealth v. Brown,* 497 Pa. 7, 438 A.2d 592 (1981).

On appeal, the Commonwealth has elected to rest its case on the single argument, appearing at page 8 of its brief, that:

DEFENDANT WAS IMPROPERLY DISCHARGED UNDER PA.R.CRIM.P. 1100 SINCE DEFENSE COUNSEL'S ORAL "MOTION TO DISMISS" WAS MADE AFTER TRIAL COMMENCED. THE COMMONWEALTH, THEREFORE, IS ENTITLED TO TRY DEFENDANT FOR SHOTGUNNING THE COMPLAINANT.

Since the point in the judicial process where trial is considered to have begun has yet to be decided under the circumstances presented to the Court here, we will discuss the subject as a logical lead into the propriety of the discharge.

[1] In Pennsylvania, the prohibition of double jeopardy, as it relates to subsequent prosecutions, attaches in a non-jury situation when the court has begun to hear evidence. *Commonwealth v. Arelt,* 308 Pa.Super. 236, 241, 454 A.2d 108, 111 (1982), citing *Commonwealth v. Klobuchir,* 486 Pa. 241, 405 A.2d 881 (1979) (Per Nix, J., with two Justices concurring), *cert. denied, Klobuchir v. Pennsylvania,* 445 U.S. 952, 100 S.Ct. 1602, 63 L.Ed.2d 787 (1980), *reh. denied,* 446 U.S. 947, 100 S.Ct. 2178, 64 L.Ed.2d 804 (1980).

However, trial begins for purposes of Rule 1100 when the jury is empaneled or voir dire or any other substantial step of trial has begun. *Commonwealth v. Lamonna,* 473 Pa. 248, 373 A.2d 1355 (1977). This concept has its roots in the Concurring Opinion of then Chief Justice Eagen in *Lamonna.* Our Supreme Court has recently

reaffirmed this tenet in *Jones v. Commonwealth*, 495 Pa. 490, 495–496, 434 A.2d 1197, 1199–1200 (1981); *viz.:*

In determining when a trial "commences" for Rule 1100 purposes, this Court has been guided by the comment drafted by the Criminal Procedural Rules Committee:

It is not intended that preliminary calendar calls should constitute commencement of a trial. A trial commences when the trial judge determines that the parties are present and directs them to proceed to voir dire, or to opening argument, *or to the hearing of any motions which had been reserved for the time of trial,* or to the taking of testimony or to some other such first step in the trial.

Pa.R.Crim.P., Rule 1100 comment. (Emphasis supplied). In an often cited concurring opinion in *Commonwealth v. Lamonna*, 473 Pa. 248, 373 A.2d 1355 (1977), former Chief Justice Eagen discussed the meaning of this comment:

The words 'some other such' immediately preceding 'first step in the trial' clearly indicate that the events specifically referred to in the comment are to be considered first steps in a trial for the purposes of Rule 1100, see *Commonwealth v. Boyle*, [470] Pa. [343], 368 A.2d 661, 666 (1977), even though not all of these events are, strictly speaking, directly involved with the determination of guilt or innocence. For example, if a case were called to trial and after determining the parties were present, the trial Judge held a *hearing on a Suppression Motion which had been reserved for the time of trial,* presumably the trial would have commenced for purposes of Rule 1100. This leads to the conclusion that the principle concern behind Rule 1100 is simply that the commencement of trial be marked by a substantive, rather than a pro forma, event. Moreover, each of the events specifically referred to in the foregoing portions of the comment represents a degree of commitment of the Court's time

and resources such that the process of determining the defendant's guilt or innocence follows directly therefrom. Accordingly, *the beginning of any stage which leads directly into the guilt determining process is a 'first step' in the trial for the purposes of Rule 1100.* 473 Pa. at 260, 373 A.2d at 1361 (Eagen, C.J., concurring).

We conclude that, under the particular circumstances here, the trial in the present case commenced on December 17, 1984. In doing so, preliminarily, we look to the record and find a sheet documenting the progress of the appellee's trek through the judicial process. In the third quadrant therein is written:

Informal Discovery Complete

Waiver trial—½ day

E.P.D.

By the Court

[Initialed signature of Judge DiNubile]

The document was dated 9/14/84. It listed the names of the court clerk, the Judge, the court stenographer, counsel for the appellee (Attorney Hemphill), and in the square reserved for "ADA" (Assistant District Attorney) was written the word "new". Also appearing on the form, in a block reserved for such information, is the time 12/17/84. This date was the earliest possible date that the trial court could hear the appellee's case. This was confirmed by the trial court at the December 17th proceeding, wherein it stated:

THE COURT: ... [The appellee's case] was held for court on July 17, and the arraignment date was held on July 31, 1984. At the arraignment, the matter was listed for pretrial before me. My earliest date was 9/4/84. The pretrial is normally within a couple of weeks of the arraignment. The reason it was five weeks from the arraignment in this instance was that I was on vacation in August, and, therefore, I listed all cases that normally would have been pretried before me in August for another date, the day after Labor Day, September 4, 1984.

On 9/4/84, the case was then listed for pretrial before me. Discovery was complete. It was to be a half-day waiver, and it was listed for this date, which was my earliest possible date consistent with my schedule. I list my own cases in this program, so today was the earliest possible date.

(N.T. 11–12) The appellee's counsel, who was the same throughout, did not object to the trial court's recitation of the chronology of the case.

 Accordingly, we find that the declaration of the jurist, who presided over both the informal pre-trial discovery proceeding and the December 17th proceeding, that the case had been listed for the "earliest possible date" on his *trial* calendar meets the requirement of Rule 1100(c)(4) that any scheduled trial date after the expiration of 180 days need be "the earliest date possible". See *Commonwealth v. Jackson*, 336 Pa.Super. 486, 490, 485 A.2d 1186, 1188 (1984) (Concurring Opinion by McEWEN, J.).

Consistent with the aforesaid, we have no reservation in holding that the appellee had ample notice that on December 17, 1984, the court had listed his case for a one-half day trial, to be preceded by a waiver of his right to a jury. This is confirmed by the following. One, the court's initial inquiry of counsel for the appellee as to his desire to dispose of any pre-trial motions before continuing on. Counsel answered, "No, sir". Two, the court, thereafter, conducted a jury waiver colloquy of the appellee lasting 6½ pages. Three, the court crier read each of the four bills of information to the appellee, after which the appellee was asked how he pleaded. He answered to each question, "Not guilty".

A jury waiver form was signed by all concerned. It was after this point that the assistant district attorney asked, "Your Honor, may I call my first witness, Charles Rowe?" The court responded, "Certainly". Prior thereto, however, the assistant district attorney wanted the record to reflect that the defendant had been notified that the Commonwealth intended to proceed under Section 9714, 42 Pa.C.

S.A., to secure a mandatory sentence following conviction for aggravated assault.

*It was only after all of the preceding had transpired that counsel for the appellee announced that he wanted to preserve his client's Rule 1100 rights.* And, then, he remarked that his complaint related solely to the exclusion of time attributed to one of the Commonwealth's witnesses, while in the hospital, from the running of the 180-day time under the Rule. In other words, it was the court that embarked on a record inquiry of the timeliness of the Commonwealth's petition to extend.

In fact, it was the court which engaged the Commonwealth in oral argument, covering some 26 pages in the transcript, over the legal effect of the purported late filing of the Commonwealth's petition to extend. The appellee's contribution to this discourse came in the form of a response denying his absence at a preliminary hearing and deferring to the court's knowledge on the law as to Rule 1100 in rebutting the arguments advanced by the Commonwealth.

We have stated on previous occasions, in the civil area of the law, which is equally applicable here, that our courts should refrain from acting as advocates for either side in a litigation. See, e.g., *Wojciechowski v. Murray,* 345 Pa.Super. 138, 497 A.2d 1342 (1985); *Dash v. Wilap Corp.,* 343 Pa.Super. 584, 495 A.2d 950 (1985). It is for the parties to present their respective positions on an issue. As tempting as it may be to speak for one of the parties in the hope of expediting the resolution of the matter, we serve only to cloud the role of the court as an impartial arbitrator of fact and the author of the ultimate conclusions of law when we deviate from our role.

■ Under the functional approach announced in *Commonwealth v. Lamonna, supra,* we have no hesitation in holding that the facts at bar, i.e., the reservation of the jury waiver to the time of trial, the appellee's counsel's denial of the disposition of any pre-trial matters at the commence-

ment of the December 17th proceeding, the jury waiver colloquy, the appellee's arraignment and the Commonwealth's allowance by the court to call its first witness, reflects the "substantial" commitment of the court's time and resources contemplated by Rule 1100 and our interpretations thereof.

The fact that the guilt-determining process was interrupted by the Commonwealth's wish to state for the record its seeking of a mandatory sentence does not alter our determination. Since there is no evidence that the Commonwealth acted for the purpose of delay, and, therefore, to the extent that Rule 1100 was designed to prevent unnecessary prosecutorial delay, the imposition of the trial court's drastic sanction here would serve no valid purpose. See *Jones v. Commonwealth, supra.*

■ Accordingly, the appellee's failure to file a timely motion to dismiss prior to the commencement of trial renders his Rule 1100 claim waived, and, in effect, supercedes any alleged impropriety on the part of the Commonwealth. We find nothing in the law requiring the prosecution to perforce file a petition to extend or suffer the discharge of the defendant notwithstanding the defendant's failure to file a motion to dismiss. See generally *Commonwealth v. Terfinko,* 504 Pa. 385, 474 A.2d 275 (1984); *Commonwealth v. Coleman,* 477 Pa. 400, 383 A.2d 1268 (1978); *Commonwealth v. Wallace,* 475 Pa. 27, 379 A.2d 558 (1977); *Commonwealth v. Gunther,* 299 Pa.Super. 432, 445 A.2d 831 (1982).

■ Under these circumstances, we are of the view Fooks failed to raise the issue of an alleged violation of Rule 1100 until after his trial had started, and, thus, the issue is waived. See *Commonwealth v. Perkins,* 473 Pa. 116, 373 A.2d 1076 (1977). To compound this waiver is the fact that appellee's motion to dismiss was orally made, a practice which is not condoned in this jurisdiction. See, e.g., *Commonwealth v. Drake,* 489 Pa. 541, 414 A.2d 1023 (1980); *Commonwealth v. Vecchione,* 327 Pa.Super. 548, 476 A.2d

403 (1984). Further, it is not contended that the opportunity to file a motion to dismiss did not exist previously, or that the grounds for the motion were unknown, nor could the record support such a contention.

No other issue, other than the one treated herein, having been raised by the parties before this Court, see *Commonwealth v. Drake, supra;* Pa.R.App.P. 1115(a)(3), we reverse the order of the court below discharging the defendant. Jurisdiction is relinquished.

MONTEMURO, J., concurs in the result.