531 A.2d 498

COMMONWEALTH of Pennsylvania, Appellant,

v.

Keith JUNG.

Superior Court of Pennsylvania.

Argued April 23, 1987.

Filed Sept. 24, 1987.

Patricia E. Coonahan, Assistant District Attorney, Cheltenham, for Com., appellant.

William A. Davis, Assistant Public Defender, Norristown, for appellee.

Before POPOVICH, JOHNSON and HESTER, JJ.

POPOVICH, Judge:

This is an appeal by appellant, the Commonwealth of Pennsylvania, from an order entered in the Montgomery County Court of Common Pleas discharging the defendant-appellee, Keith Jung. We quash.

The unusual issue here is unprecedented in this Commonwealth and concerns whether the proceeding below was a suppression hearing or a trial.

On February 6, 1986, appellee was tried before the Honorable Laurence A. Brown and found not guilty of assault

charges of his girlfriend, Naomi Ghen. During the course of the trial, a taped telephone conversation, recorded by appellee between Ms. Ghen and himself, was admitted into evidence over the Commonwealth's objections. Appellee was consequently charged with violations of the Wiretap and Electronic Surveillance Control Act, (hereinafter referred to as "Act"), pursuant to 18 Pa.C.S.A. § 5703(1), (2) and (3), as a result of the February 6, 1986, trial. On August 4, 1986, appellee waived his right to a trial by jury before the Honorable Horace A. Davenport. The Commonwealth called its first witness, Jacqueline Stevens, the official court reporter at appellee's prior trial, for the purpose of offering into evidence a copy of the transcript from the previous trial and the actual taped recordng of the alleged wiretap. Appellee objected to this testimony being offered into evidence. Said objection was sustained by the trial court which ruled that the Act did not pertain to the conduct of private citizens. The Commonwealth requested the right to take an interlocutory appeal on the issue of the admission into evidence of the official transcript of appellee's prior trial and the taped recording of appellee's conversation with Ms. Ghen. The Commonwealth's motion was denied, and the trial court found the appellee not guilty of violations of the Act. The Commonwealth filed a timely appeal on September 2, 1986. On September 9, 1986, appellee filed a motion to quash the appeal, contending that the Commonwealth's appeal was not appropriate since the trial court's ruling was not made pursuant to a pre-trial suppression motion but was an evidentiary ruling made during the course of the trial. On December 30, 1986, this Court denied appellee's motion.

The Commonwealth presents two issues for our review on appeal: (1) whether the Act prohibits the non-consensual interception of telephone communications by a private individual; and, (2) whether the trial court erred by dismissing the criminal charges against the appellee.

Before considering the merits of the Commonwealth's appeal, this Court must first address appellee's contention

that the Commonwealth has no right of appeal under the instant circumstance.

In the case at bar, the trial court found the appellee not guilty of violations of the Act, 18 Pa.C.S.A. § 5703(1), (2) and (3), and dismissed the charges against him. (N.T., August 4, 1986, p. 14). Appellee argues that the verdict of acquittal by the trial court terminates subsequent prosecution of the appellee for the same offense in violation of the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution and Article I, Section 10 of the Pennsylvania Constitution. On the other hand, the Commonwealth argues that the trial court, as the trier of facts in the case, had not yet begun to hear evidence, and, therefore, double jeopardy had not attached. Rather, the Commonwealth contends that the total presentation of its case consisted of an offer of proof as to the testimony of its first witness, Jacqueline Steven, and that defense counsel objected at that point to the admission of said testimony into evidence. Thus, the Commonwealth characterizes defense counsel's objection as a suppression motion and the proceeding as a pre-trial hearing at which jeopardy had not attached, instead of a trial at which the trial court had begun to hear evidence.

After a careful study of the record and the applicable law, we believe that the Commonwealth's appeal must be quashed.

Instantly, the trial court's finding of "not guilty" unequivocally bars reprosecution of appellee for the same offense on the basis of double jeopardy. In *Commonwealth v. Tillman*, 501 Pa. 395, 397–98, 461 A.2d 795, 796–97 (1983), the Pennsylvania Supreme Court, adopting the numerous rulings of the United States Supreme Court on the importance of not putting a defendant twice in jeopardy following a verdict of acquittal, stated:

"Perhaps the most fundamental rule in the history of double jeopardy jurisprudence has been that '[a] verdict of acquittal ... could not be reviewed, on error or otherwise, without putting [a defendant] twice in jeopardy, and

thereby violating the Constitution.' " *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 572, 97 S.Ct. 1349, 1354, 51 L.Ed.2d 642 (1977), quoting *United States v. Ball*, 163 U.S. 662, 671, 16 S.Ct. 1192, 1195, 41 L.Ed. 300 (1896). As the Supreme Court of the United States has recently observed, "the factfinder in a criminal case has traditionally been permitted to enter an unassailable but unreasonable verdict of 'not guilty.' " *Jackson v. Virginia*, 443 U.S. 307, 317 n. 10, 99 S.Ct. 2781, 2788 n. 10, 61 L.Ed.2d 560 (1979). " '[W]e necessarily accord absolute finality to a jury's verdict of acquittal—no matter how erroneous its decision....' " *Bullington v. Missouri*, 451 U.S. 430, 442, 101 S.Ct. 1852, 1860, 68 L.Ed.2d 270 (1981), quoting *Burks v. United States*, 437 U.S. 1, 16, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1 (1978). Accord, *Commonwealth v. Mitchell*, 497 Pa. 14, 17, 438 A.2d 596, 597 (1981). Thus, where a defendant has been found not guilty at trial, he may not be retried on the same offense, "even if the legal rulings underlying the acquittal were erroneous." *Sanabria v. United States*, 437 U.S. 54, 64, 98 S.Ct. 2170, 2179, 57 L.Ed.2d 43 (1978). As Justice Rehnquist, speaking on behalf of the Supreme Court of the United States, has stated,

> "the law attaches particular significance to an acquittal. To permit a second trial after an acquittal, however mistaken the acquittal may have been, would present an unacceptably high risk that the Government, with its vastly superior resources, might wear down the defendant so that 'even though innocent, he may be found guilty.' "

*United States v. Scott*, 437 U.S. 82, 91, 98 S.Ct. 2187, 2194, 57 L.Ed.2d 65 (1978), quoting *Green v. United States*, 355 U.S. 184, 188, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957). See also *Tibbs v. Florida*, 457 U.S. 31, 41, 102 S.Ct. 2211, 2218, 72 L.Ed.2d 652 (1982) (verdict of not guilty "absolutely shields the defendant from retrial"). So, too, no prosecution appeal lies from a not guilty verdict, even where that verdict is "based upon an 'egregiously erroneous foundation.' " *Borough of West Ches-*

*ter v. Lal,* 493 Pa. 387, 392, 426 A.2d 603, 605 (1981), quoting *Sanabria v. United States,* supra, 437 U.S. at 64, 98 S.Ct. at 2178; see *Fong Foo v. United States,* 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962).

■ Thus, in the case at bar, the trial court's verdict is insulated from any retrial. The trial court's verdict of acquittal is final, no matter how erroneous its decision may be. *Commonwealth v. Tillman,* supra; *Bullington v. Missouri,* 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981).

In *Fong Foo v. United States,* 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962), the United States Supreme Court accepted the Court of Appeals' holding that the District Court had erred in various rulings and lacked power to direct a verdict of acquittal before the Government rested its case but still refused to permit a retrial on the same offense, following a verdict of acquittal.

■ In order to nullify the results of the trial court's verdict of acquittal, the Commonwealth alleges that, at the time the trial court found appellant not guilty, no trial where double jeopardy attached had actually taken place. In Pennsylvania, double jeopardy attaches in a case without a jury when the accused has been subjected to charge and the trial court has begun to hear the evidence. *Commonwealth v. Klobuchir,* 486 Pa. 241, 405 A.2d 881 (1979) (Per Nix, J., with two Justices concurring), *cert. denied.,* 445 U.S. 952, 100 S.Ct. 1602, 63 L.Ed.2d 787 (1980), *reh. denied,* 446 U.S. 947, 100 S.Ct. 2178, 64 L.Ed.2d 804 (1980); *Commonwealth v. Culpepper,* 221 Pa.Super. 472, 293 A.2d 122 (1972). Thus, after a careful study of the record in the instant case, we find that, even though the proceeding itself was brief and no witnesses actually testified, a trial in which double jeopardy attached had taken place.

First, the appellee had been subjected to charge, i.e., the Commonwealth stated on the record the charge against appellee (violations of the Act, 18 Pa.C.S.A. § 5703(1), (2) and (3)). *Commonwealth v. Klobuchir,* supra; *Commonwealth v. Culpepper,* supra.

Second, the trial court had begun to hear evidence. *Commonwealth v. Klobuchir*, supra; *Commonwealth v. Culpepper*, supra. After determining that no pre-trial motions existed, the Commonwealth, at the trial court's request, called its first witness. An offer of proof as to the witness' testimony was requested and given.

Within the discretion of the trial court, a party producing a witness may be called upon to state on the record what the witness' testimony would be and what is proposed to be proved by his testimony in order that the court may determine whether it will be incompetent, irrelevant or inadmissible. *Commonwealth v. Evans*, 190 Pa.Super. 179, 154 A.2d 57 (1959), affirmed 399 Pa. 387, 160 A.2d 407 (1960), *cert. denied* 364 U.S. 899, 81 S.Ct. 233, 5 L.Ed.2d 194 (1960), *reh. denied* 364 U.S. 939, 81 S.Ct. 377, 5 L.Ed.2d 371 (1961). The practice of requiring an offer of proof in certain instances is intended to aid the fair and orderly trial of a case. *Id.* A very important reason to include an offer of proof in the official trial record is that, in case the trial court's ruling is appealed, the appellate court may understand the scope and the effect of the proposed testimony in considering whether the trial court's ruling sustaining an objection was proper.[1]

Thus, we cannot view the Commonwealth's offer of proof, the following arguments and the trial court's ruling as anything but part of the evidentiary gathering portion of the trial, i.e., the trial court had begun to hear evidence. *Commonwealth v. Klobuchir*, supra. *Commonwealth v. Culpepper*, supra.

In addition, in *Serfass v. United States*, 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975), the United States Supreme Court viewed the waiver of a trial by jury as a crucial factor in determining the start of a trial for double jeopardy purposes. In *Commonwealth v. Mitchell*, 497 Pa. 14, 438 A.2d 596 (1981), this Court held that double jeopardy had attached despite the fact that the defendant did not

1. McCormick, McCormick on Evidence, Title 3, Chapter 6 § 51 (3d ed. 1984).

execute the written waiver of his right to a jury trial. In the instant case, appellee waived his right to a trial by jury by both oral colloquy and written waiver forms.

Therefore, in the case at bar, we cannot classify the proceedings before the trial court as a pre-trial suppression hearing. The facts at bar show: Appellee had been subjected to charge. Appellee had waived his right to a trial by jury by both oral colloquy and written waiver forms. After a determination that there were no pre-trial motions, the Commonwealth was allowed by the trial court to call its first witness. An offer of proof as to the testimony of the Commonwealth's first witness, Jacqueline Stevens, was presented, argued by both sides and decided by the trial court. We find that these events were all directly involved with the determination of appellee's innocence or guilt. *Cf. Commonwealth v. Fooks,* 345 Pa.Super. 145, 150–55, 497 A.2d 1346, 1348–50 (1985).[2] In *Serfass v. United States,*

---

2. In *Commonwealth v. Fooks,* supra, 345 Pa.Super. at 150, 497 A.2d at 1348, this Court held:

> In determining when a trial "commences" for Rule 1100 purposes, this Court has been guided by the comment drafted by the Criminal Procedural Rules Committee:
>
> It is not intended that preliminary calendar calls should constitute commencement of a trial. A trial commences when the trial judge determines that the parties are present and directs them to proceed to voir dire, or to opening argument, *or to the hearing of any motions which had been reserved for the time of trial,* or to the taking of testimony or to some other such first step in the trial. Pa.R.Crim.P., Rule 1100 comment. (Emphasis supplied). In an often cited concurring opinion in *Commonwealth v. Lamonna,* 473 Pa. 248, 373 A.2d 1355 (1977), former Chief Justice Eagen discussed the meaning of this comment:
>
> The words 'some other such' immediately preceding 'first step in the trial' clearly indicate that the events specifically referred to in the comment are to be considered first steps in a trial for the purposes of Rule 1100, see *Commonwealth v. Boyle,* [470] Pa. [343], 353, 368 A.2d 661, 666 (1977), even though not all of these events are, stricly speaking, directly involved with the determination of guilt or innocence. For example, if a case were called to trial and after determining the parties were present, the trial Judge held *a hearing on a Suppression Motion which had been reserved for the time of trial,* presumably the trial would have commenced for purposes of Rule 1100. This leads to the conclusion that the principle concern behind Rule 1100 is simply that the commencement of trial be marked by a substantive, rather than a pro forma,

supra, 420 U.S. at 391, 95 S.Ct. at 1064, 43 L.Ed.2d at 275–276, the Supreme Court held that the rule that double jeopardy does not attach until a defendant is put to trial before the trier of facts, i.e., jury or judge, is not a mere technicality, nor is it a "rigid, mechanical" rule that frustrates the policies of the double jeopardy clause. Rather, the Court views it like most legal rules, an attempt to impart content to an abstraction.

■ Finally, despite the fact that the trial court's verdict of acquittal in this case is insulated from any retrial, we do find the court's decision concerning the admissibility of the transcript from appellee's previous trial and the actual taped recording in question to be erroneous. *Commonwealth v. Tillman*, supra; *Fong Foo v. United States*, supra.

We disagree with the trial court's conclusions, both as stated at trial and in its Opinion:

It's the Court's opinion that this law was intended to preclude the use of wiretapping by police officers under the circumstances such as was used there in criminal cases, and was not intended to preclude the use of wiretapping or the recording as between individuals, and particularly not as used here. (N.T. August 4, 1986, p. 13).

Even if Ghen was unaware that the conversation was being recorded, this Court does not interpret the Act as a prohibition upon a telephone subscriber from recording his own conversation. A telephone subscriber has an absolute right to record his own communications and to protect the use made of his own telephone. *Commonwealth vs. Goldberg, supra.* [208 Pa.Super. 513] at 517,

event. Moreover, each of the events specifically referred to in the foregoing portions of the comment represents a degree of commitment of the Court's time and resources such that the process of determining the defendant's guilt or innocence follows directly therefrom. Accordingly, *the beginning of any stage which leads directly into the guilt determining process if a 'first step' in the trial for the purposes of Rule 1100.*
473 Pa. at 260, 373 A.2d at 1361 (Eagen, C.J., concurring).
(Emphasis in original)

224 A.2d [91] at 92, [ (1966) ] *quoting People vs. Appleb-aum [Appelbaum],* 277 App.Div. 43, 97 N.Y.S.2d 807 (1950), *aff'd* 301 N.Y. 738, 95 N.E.2d 410 (1950). The Antiwiretapping Act was enacted to protect a telephone subscriber's line from the interceptive devices of a third person; not to safeguard him from his own actions. *See Id.* (Opinion, pp. 3–4).

18 Pa.C.S.A. § 5703 sets forth the law as it stands today in Pennsylvania on interception, disclosure or use of wire or oral communications:

**§ 5703.   Interception, disclosure or use of wire or oral communications**

Except as otherwise provided in this chapter, a person is guilty of a felony of the third degree if he:

(1) willfully intercepts, endeavors to intercept, or pro-cures any other person to intercept or endeavor to intercept any wire or oral communication;

(2) willfully discloses or endeavors to disclose to any other person the contents of any wire or oral communi-cation, or evidence derived therefrom, knowing or hav-ing reason to know that the information was obtained through the interception of a wire or oral communica-tion; or

(3) willfully uses or endeavors to use the contents of any wire or oral communications, or evidence derived therefrom, knowing or having reason to know, that the information was obtained through the interception of a wire or oral communication.

1978, Oct. 4, P.L. 831, No. 164, § 2, effective in 60 days.

18 Pa.C.S.A. § 5702 defines "intercept" as "aural acquisi-tion of the contents of any wire or oral communication through the use of any electronic, mechanical or other device."   Thus, we find the appellee's use of a tape recorder in order to record a telephone conversation between himself and his girlfriend, Naomi Ghen, to be an interception pursu-ant to 18 Pa.C.S.A. §§ 5703 and 5702.

Exceptions to the prohibition on interception and disclosure of wire or oral communications are found in 18 Pa.C. S.A. § 5704. We agree with the Commonwealth that, under 18 Pa.C.S.A. § 5704, it is not unlawful for properly authorized investigative or law enforcement officers to intercept wire or oral communications. Authorized investigative or law enforcement officers are granted an exception from the general prohibition on interception and disclosure of communications under 18 Pa.C.S.A. § 5703, when they meet and follow certain specific criteria for allowance set out in 18 Pa.C.S.A. § 5704. Thus, we find the trial court to be in error when it concludes that 18 Pa.C.S.A. §§ 5702, 5703 and 5704 preclude wiretapping by police officers. (N.T. August 4, 1986, p. 13).

In dealing with private individuals, the only exception which permits a private individual to intercept a wire or oral communication is found in 18 Pa.C.S.A. § 5704(4):

### § 5704. Exceptions to prohibition on interception and disclosure of communications

It shall not be unlawful under this chapter for:

\*       \*       \*       \*       \*       \*

(4) A person, to intercept a wire or oral communication, where all parties to the communication have given prior consent to such interception.

Thus, in the case of a private individual, it is the law of Pennsylvania under 18 Pa.C.S.A. § 5704(4) that *all* parties to the communication must consent to the interception. In the instant case, the trial court was required to determine whether appellee's girlfriend, Naomi Ghen, had given prior consent to appellee's taping of their telephone conversation before deciding whether to admit the transcript of appellee's previous trial and the taped recording of appellee's conversation with his girlfriend, Naomi Ghen, into evidence. We find that, in looking at the extent of the proceedings in this case, the trial court could not possibly determine, given the evidence that it possessed at the time, whether Naomi Ghen had given prior consent to appellee's taping of their

telephone conversation without admitting the transcript and the tape into evidence.

In the case at bar, the trial court concluded that, even if Naomi Ghen was aware that the conversation was being recorded, it does not interpret the Act, 18 Pa.C.S.A. § 5701 *et seq.*, as a prohibition upon a telephone subscriber from recording his own conversation. (Opinion, p. 3). Instead, the trial court adopted the reasoning of this Court in *Commonwealth v. Goldberg*, 208 Pa.Super. 513, 224 A.2d 91 (1966). In *Goldberg*, the court ruled that a telephone subscriber possesses an absolute right to record his own conversations and to protect the use made of his own telephone. The *Goldberg* court relied on the principle of a subscriber's absolute right to record his own communications as set forth in *People v. Appelbaum*, 277 App.Div. 43, 97 N.Y.S.2d 807, *aff'd* 301 N.Y. 738, 95 N.E.2d 410 (1950). However, the principle set forth in *People v. Appelbaum*, id., upon which *Commonwealth v. Goldberg*, supra., rests, is not the law of Pennsylvania. *Accord Commonwealth v. Baldwin*, 282 Pa.Super. 82, 93–94, 422 A.2d 838, 844 (1980). To the contrary, in the case of a private individual, it is the law of Pennsylvania under 18 Pa.C.S.A. § 5704(4) that *all* parties to the communication must consent to the interception.

Appeal quashed.

JOHNSON, J., files a concurring statement.

JOHNSON, Judge, concurring:

I join only so much of the majority opinion as determines that the trial court's verdict of acquittal is final and that the appeal must, therefore, be quashed. Since the verdict is insulated from any retrial, I find no reason to reach the issue of whether the Wiretap and Electronic Surveillance Control Act prohibits a telephone subscriber from recording his own conversation. I cannot join that portion of the majority opinion which seeks, by way of dicta, to interpret Sections 5702, 5703 and 5704 of the Act.