## Commonwealth v. Throw

*Robert B. Sacavage, assistant district attorney,* for defendant.

*Peter T. Campana,* for defendant.

RANCK, *P.J.,* August 6, 1991—Before the court is defendant's motion to dismiss charge pursuant to the

double jeopardy provisions of the state and federal Constitutions. The issue is whether in a non-jury case jeopardy attaches when the first witness begins to testify or when the witnesses are sworn as in jury cases.

In the case before us, Officer Lutcher of the Milton Borough Police Department filed a criminal complaint against defendant charging him with one count of driving under the influence of alcohol, and one count of driving while operating privileges are suspended. After a preliminary hearing, the district magistrate found that the Commonwealth presented a prima facie case and held the matter for trial. The case was scheduled for trial on March 21, 1991. On that same date the district attorney requested permission to nol pros the driving under the influence of alcohol charge. The court entered an order on that date approving the nol pros.

On April 4, 1991, a notice was sent to the defendant to appear for a summary appeal in the Court of Common Pleas on May 2, 1991. On that date, the attorney for the Commonwealth, the defendant, and his attorney appeared before the Honorable Roy A. Gardner, senior judge, specially presiding, for the trial on driving while operating privilege is suspended. After it was determined that the parties were present, the Commonwealth called Officer Lutcher to the stand. Officer Lutcher was sworn. Defendant moved for a dismissal of the charge on the basis that the Court of Common Pleas did not have jurisdiction. The judge denied the defendant's motion to dismiss and entered an order remanding the matter to the magistrate for a summary trial.

Defendant argues that the Commonwealth should be barred from bringing him to trial before the district magistrate since he would be placed in double jeopardy. Such a trial would violate the Fifth and 14th Amend-

ments to the U.S. Constitution, as well as Article I, section 10 of the Pennsylvania Constitution. Defendant claims that when Officer Lutcher was called to the stand and sworn, double jeopardy attached.

Jeopardy attaches in a case without jury when the accused has been subjected to the charge and the court has begun to hear evidence. *Commonwealth v. Jung,* 366 Pa. Super. 438, 531 A.2d 498 at 501 (1987). The issue is when has the court begun to hear evidence? The double jeopardy clause of the Fifth Amendment is applicable to the states through the due process clause of the 14th Amendment. *Benton v. Maryland,* 395 U.S. 784, 23 L.3d 2d 707 (1969). In a non-jury case, jeopardy attaches when the first witness begins to testify and not when the witnesses are sworn as in jury cases. *Commonwealth v. Brown,* 64 Luzerne Leg. Reg. 31 at 32 (1973).

The U.S. Court of Appeals District of Columbia, in *Newman v. United States,* 133 U.S. App. D.C. 271, 410 F.2d 259 (D.C. Cir. 1969) cert. den., 396 U.S. 868, 90 S.Ct. 132, 24 L.Ed.2d 121 (1969),[*] the court stated that the swearing of witnesses does not represent an affirmative step into trial by the government, but an administrative procedure followed for the convenience of the court. Thus, jeopardy will not attach when the first witness is sworn, but only after the court begins to hear evidence.

In *Commonwealth v. Jung,* 366 Pa. Super. 438, 531 A.2d 498 (1987), double jeopardy attached after the defendant was subjected to the charge (the Commonwealth stated on the record the charge against the defendant), and the court began to hear evidence. In

---

[*] The *Williams* case cites *Newman v. United States,* as 419 F.2d 259 (1969), the cite is 410 F.2d 259 (1969).

4

the *Jung* case an offer of proof as to the witnesses' testimony was requested and given in this non-jury trial. The *Jung* court heard the Commonwealth's offer of proof, heard arguments and ruled on the offer, thus there was an actual gathering of evidence. In the instant case, Officer Lutcher was sworn; however, there was no taking of testimony or offer of proof. The judge remanded the case to the magistrate before he began to hear evidence. The swearing-in of Officer Lutcher was simply an administrative procedure followed for the convenience of the court, thus defendant's motion to dismiss is without merit.

For all of the foregoing reasons, we enter the following

## ORDER

And now, August 6, 1991, defendant's motion to dismiss the charge of driving while operating privilege is suspended is denied, and Judge Gardner's May 2, 1991, order remanding this case to the District Magistrate William Kear for a summary trial remains effective.