## Simmers v. Packer

C.P. of Dauphin County, no. 2718 S 1995.

*John A. Statler,* for plaintiff.
*James W. Abraham,* for defendants.

*EN BANC,* TURGEON, LEWIS AND EVANS, *JJ.*
TURGEON, *J.,* February 21, 1997—

## FACTS

On December 7, 1993, Michael D. Simmers telephoned his estranged wife, defendant Jeanne Packer, several times. Three of these calls were recorded by defendant Packer who, without Mr. Simmers' knowledge or consent, prepared a typed transcript of these conversations and disclosed them to defendant Kenny Gotwalt. Defendant Gotwalt then disclosed these transcripts to Ms. Andrea McMaster, Mr. Gotwalt's daugh-

ter. Plaintiff alleges that defendants' actions violated the Wiretapping and Electronic Surveillance Control Act 18 Pa.C.S. §5701 et seq.

Presently before the court is a motion for summary judgment filed by the defendants, which alleges that (1) the Wiretapping and Electronic Surveillance and Control Act does not apply to these defendants because a criminal conviction is a condition precedent to holding them civilly liable, (2) if the Act does apply, there has been no violation because plaintiff consented to being recorded through his knowledge that defendant Packer had an answering machine, and (3) the waiver language in the marital settlement agreement between plaintiff Simmers and defendant Packer precludes plaintiff from bringing this action against the defendants. Oral argument on this matter was heard before an en banc panel of this court on November 26, 1996. For the reasons set forth below, the defendants' motion is denied.

## LEGAL DISCUSSION

Pennsylvania Rule of Civil Procedure 1035.2 states that "any party may move for summary judgment in whole or in part as a matter of law (1) whenever there is no genuine issue of material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report . . . ." 42 Pa.C.S. Moreover, *"[t]he record must be examined in the light most favorable to the nonmoving party . . . [and] a summary judgment should be granted only when the case is clear and free from doubt." Bollinger v. Palmerton Area Communities Endeavor Inc.,* 241 Pa. Super. 341, 350, 361 A.2d 676, 680 (1976). (citations omitted) (emphasis in original)

### 1. *Applicability of the Wiretapping and Electronic Surveillance Control Act*

Section 5725 of the Wiretapping and Electronic Surveillance Control Act provides:

"(a) Cause of action.—Any person whose wire, electronic or oral communication is intercepted, disclosed or *used in violation of this chapter* shall have a civil cause of action against any person who intercepts, discloses or uses or procures any other person to intercept, disclose or use, such communication; and shall be entitled to recover from any such person: . . . ." 18 Pa.C.S. §5725. (emphasis added)

Defendants argue that as a matter of law, this Act precludes plaintiff from bringing a civil cause of action against the defendants because a criminal conviction is a condition precedent to civil liability under Pennsylvania's Wiretapping Act. Furthermore, the defendants argue that because the two-year statute of limitations has expired for bringing criminal charges for violation of the Wiretapping Act,[1] plaintiff is barred from bringing this civil cause of action.

The Pennsylvania Supreme Court has specifically found that a criminal conviction is not a condition precedent to civil liability under the Wiretapping Act. In *Marks v. Bell Telephone Company of Pennsylvania,* 460 Pa. 73, 85 n.6, 331 A.2d 424, 430 n.6 (1975), the court stated that "since the purpose of the damage provision is to encourage civil enforcement of the Act all that is required to make the damage provision of the Act operative is a determination by the [trial] court . . . that the Act was violated."[2] Accordingly, we conclude

---

1. 42 Pa.C.S. §5552(a) (Purdon 1981 & supp. 1996).

2. Although the Pennsylvania Supreme Court was interpreting the Pennsylvania Wire Tap Act, 18 P.S. §3742 (Supp. 1974), which

that the plaintiff may pursue his civil cause of action. The defendants' motion for summary judgment on this issue is denied.

## 2. *Consent*

Defendants argue in the alternative that because plaintiff had left a message on defendant Packer's answering machine the first time he called and heard the machine answer on the second call before Packer answered the phone, plaintiff consented to being recorded on later calls knowing his calls *could* be recorded by Packer's answering machine. Section 5704(4) provides the following under the Wiretapping Act: "It shall not be unlawful under this chapter for: . . . (4) A person, to intercept a wire, electronic or oral communication, where all parties to the communication have given prior consent to such interception."[3] Defendants rely on the Superior Court's interpretation of this section in *Commonwealth v. DeMarco,* 396 Pa. Super. 357, 578 A.2d 942 (1990). There, the court found "as a matter of law, that ordinary answering machine tapes fall within the mutual consent provision of the [Wiretapping Act] . . . ." *Id.* at 370, 578 A.2d at 948. Thus, the court held that the defendant in *DeMarco* expressly consented to the taping of his conversation by leaving a message on the answering machine.

In the present case, plaintiff made four telephone calls to defendant Packer on December 7, 1993. On the first call, plaintiff left a message on defendant's answering machine. The second call, plaintiff again began to leave a message, but defendant Packer picked

has since been repealed, the Wiretapping Act, which replaced it, is substantially similar regarding civil liability.

3. 18 Pa.C.S. §5704(4).

up the telephone receiver while plaintiff was leaving the message. This call was recorded and transcribed. The third call, defendant answered the telephone and no message was left on the answering machine. The fourth and last telephone call was recorded and transcribed. Plaintiff asserts that even if the jury determines that defendant's answering machine continued to record the second call, Mr. Simmers was not aware of this continued recording or of the recording of the fourth call, and therefore, did not consent to being recorded.[4]

The law in Pennsylvania provides that if all parties to a communication have not consented to the interception, there is a violation of the Wiretapping Act. *Commonwealth v. Jung,* 366 Pa. Super. 438, 448, 531 A.2d 498, 503-504 (1987). Therefore, in examining the record in the light most favorable to the plaintiff, the non-moving party, whether he consented to being recorded, involves genuine issues of material fact which must be tried by a jury. Accordingly, defendants' motion for summary judgment on this issue is denied.

### 3. *The Marital Settlement Agreement*

Finally, defendants claim that the waiver language in the October 14, 1994 marital settlement agreement between plaintiff Simmers and defendant Packer pre-

---

4. Plaintiff offers the following in support of his argument that he did not consent to being recorded: an affidavit that states he was unaware that Packer was recording these calls (Exhibit B of plaintiff's brief); the answering machine instructions titled "Recording a Telephone Conversation" (Exhibit E of plaintiff's brief), which indicate that defendant Packer could record a telephone conversation without Mr. Simmers' knowledge; and the fact that Ms. Packer may have even used a hand-held microcassette recorder to record these phone calls. (See exhibit C of plaintiff's brief at 13-14.)

cludes plaintiff from bringing this cause of action against the defendants. This paragraph provides as follows:

"14. *Waiver:* . . . It is hereby mutually agreed that neither party hereto shall seek and does hereby waive their right to seek, now or in the future, payment of alimony, alimony pendente lite, counsel fees, costs and expenses and *any other charges of any nature whatsoever pertaining to any divorce proceeding* . . . ." Defendant's brief, exhibit G.) (emphasis added)

Specifically, defendants interpret the word "charges" to include "violations" of the law that result from acts surrounding the parties' divorce. Defendants assert that plaintiff's claim involves "violations" of the Wiretapping Act and that such violations were contemplated within the parameters of the "charges" stated in the waiver clause. Moreover, because the phone conversations pertained to the divorce, and the violations in question were, therefore, a direct result of the divorce proceedings, plaintiff is now precluded by the marital settlement agreement from pursuing these charges against defendants.

A precise reading of the language at issue is that it refers to charges arising out of the actual divorce proceedings between plaintiff and defendant Packer, not collateral causes of action. We conclude the fact that the phone conversations between plaintiff and defendant may have involved discussions pertaining to the parties' divorce does not preclude the plaintiff from bringing a separate cause of action for violations of the Wiretapping Act. Therefore, defendants' motion for summary judgment on this issue is denied.

Accordingly, we enter the following:

## ORDER

And now, February 21, 1997, defendants' motion for summary judgment is denied.