## Commonwealth v. Dowling

C.P. of Delaware County, no. 4032-03.

*Katayoun Copeland,* for the Commonwealth.

*Eugene P. Tinari,* for appellant.

KOUDELIS, *J.,* March 6, 2006—

## NATURE AND HISTORY OF THE CASE

This is a direct appeal from the judgment of sentence imposed in this matter by the court on December 8, 2005. The history of the case is as follows:

A criminal complaint was filed on July 1, 2002, charging appellant with possession of a controlled substance,[1] possession of a controlled substance with the intent to deliver (PWID),[2] and possession of paraphernalia.[3]

On August 14, 2003, this case was assigned to the Honorable George Koudelis. At that time Barry John Much, Esquire entered his appearance on behalf of appellant. On September 22, 2003, this court held a pretrial conference and set a trial date for November 17, 2003. On that date, appellant requested a continuance to January 6, 2004. On January 6, 2004, appellant again requested a continuance and the court assigned February 23, 2004, as the next trial date. Again on that trial date, the appellant's attorney was not available and therefore there was a continuance. Appellant's attorney was unavailable for the next two trial dates assigned, April 5 and May 10. On the May 10, 2004 trial date, this court informed appellant that his attorney had been admitted into a rehabilitation center and encouraged him to meet with the Public Defender's Office of Delaware

---

1. 35 P.S. §780-113(a)(16).
2. 35 P.S. §780-113(a)(30).
3. 35 P.S. §780-113(a)(32).

County and assigned a new trial date of June 28, 2004. As of June 28, appellant had not complied with the court's suggestion and this court continued the case again and gave a new date of July 19. On that date, appellant was still unrepresented and this court now ordered appellant to meet with the public defender and assigned appellant a new date of September 7, 2004. On that date, the case was passed until September 9 when this court was informed that Denise McCrae, Esquire, who is a public defender, now represented appellant. Since Ms. McCrae had just entered her appearance, she requested a continuance until October 25, 2004. On that date, the case was placed on a two-hour call for trial.

Appellant's case remained on call for trial until February 1, 2005. On that date, this court heard argument on a motion to dismiss under Pa.R.Crim.P. 600, which was filed on January 27, 2005. This court issued an order denying appellant's Rule 600 motion on February 2, 2005 and informed the parties that the case would remain on the court's trial list. On March 3, 2005, there was a discussion on the record as to whether or not the case was ready to be tried. After the discussion, this court sent notice on March 28, 2005 scheduling the case for the trial list beginning May 2, 2005. On June 9, 2005, appellant's counsel filed a motion for compulsory disclosure, discovery and inspection.

On June 15, 2005, appellant signed a waiver to his right to a trial by jury and after doing so, this court presided over the non-jury trial. Both the prosecution and defense waived opening statements at that time and because of the time of day, the trial was to continue the

following morning. On June 16, 2005, the following morning, before the Commonwealth called their first witness of the day, defense counsel went on record and informed this court that appellant had changed his mind and now wished to be tried by a jury. Because the trial had commenced the previous afternoon, this motion was denied and the trial continued. On June 17, 2005, this court found appellant guilty on Information A, possession of a controlled substance, Information B, intent to deliver a controlled substance, and Information C, possession of drug paraphernalia.

On December 8, 2005, this court sentenced appellant to an aggregate term of 10 to 20 years incarceration in a state correctional institution on Information B, followed by a consecutive term of one year probation on Information C. Appellant was also sentenced to a term of six to 12 months incarceration on Information A, possession of a controlled substance, which is to run concurrent to Information B.

Appellant filed a timely notice of appeal on January 6, 2006, and in response to this court's order on January 27, 2006, filed a concise statement of matters complained of on appeal on February 7, 2006. From the concise statement, this court determines the following issues to be raised on appeal:

(1) Whether the court erred in denying appellant's request to be tried by a jury prior to the court hearing testimony in a bench trial.

(2) Whether appellant was prejudiced by the Commonwealth qualifying every fact witness as an expert in narcotics and narcotics trafficking.

(3) Whether the court abused its discretion in sentencing appellant to an effective period of incarceration of 10 to 20 years.

## FACTS

On July 3, 2002, Detective John Newell of the Delaware County CID Drug Task Force, while acting in an undercover capacity, met with appellant in the area of Tenth and Barclay Streets near Chester High School in the City of Chester. Detective Newell met with appellant on this date for the purpose of purchasing Phencyclidine (PCP). Detective Newell produced a large sum of money which he gave appellant in exchange for one glass vial of PCP. After the transaction was completed, Newell inquired as to the possibility of other purchases in the near future. In response to this inquiry, appellant handed Newell his cellular telephone number and told Newell to call him whenever he wanted to make another purchase.

Over the course of the next month, Newell placed four telephone calls to appellant for the purpose of purchasing PCP. On July 8, July 11, July 16, and July 31, appellant responded to these calls by meeting Newell in or near the same location he had met him for the previous PCP transaction. After each call was placed to appellant's cellular phone, within one hour of the call appellant arrived at the designated location and exchanged glass vials of PCP for a sum of money.

In all, five transactions were made over the course of July 2002. Each of the vials purchased from appellant were submitted to the PSP laboratory and found to con-

tain PCP. Additionally, all of the above transactions took place within 1,000 feet of a school zone. Having the above stated evidence, Chester Police executed a search warrant of appellant's residence on March 14, 2003. As a result of the search warrant, a small amount of marijuana, bagging material, a scale, PCP residue, and cash were recovered. On that same date, appellant was taken into custody and placed under arrest.

## DISCUSSION

### A. *Request To Be Tried by a Jury*

Appellant's first issue on appeal is whether the court erred in denying appellant's request to be tried by a jury prior to the court hearing testimony in a bench trial. Under Pa.R.Crim.P 1102, at any time prior to the commencement of trial, a defendant has the absolute right to withdraw his or her waiver of the right to trial by jury. *Commonwealth v. Hewett,* 380 Pa. Super. 334, 551 A.2d 1080 (1988). However, once trial commences, double jeopardy attaches and appellant is no longer permitted to withdraw such waiver. In a criminal bench trial, jeopardy attaches when the trial court begins to hear the evidence. *Commonwealth v. Metzer,* 430 Pa. Super. 217, 231, 634 A.2d 228, 234 (1993). In *Commonwealth v. Jung,* 366 Pa. Super 438, 443, 531 A.2d 498, 500-501 (1987), the Pennsylvania Superior Court explained in greater detail that in Pennsylvania the commencement of trial occurs when the accused has been subjected to a charge and the trial court has begun to hear the evidence. In *Jung,* the Superior Court found it was beyond dispute that the accused was subjected to a charge.

Further, by requesting an offer of proof, the trial court had begun to hear the evidence. According to the Superior Court, "[T]hough the proceeding itself was brief and no witnesses actually testified, a trial in which double jeopardy attached had taken place." *Commonwealth v. Micklos,* 448 Pa. Super 560, 569, 672 A.2d 796, 800 (1996) (citing *Jung* at 443, 531 A.2d at 500-501).

In determining when a trial "commences" for Rule 1100 purposes, the Superior Court has followed the comment drafted by the Criminal Procedural Rules Committee: A trial commences when the trial judge determines that the parties are present and directs them to proceed voir dire, or to opening argument, or to the hearing of any motions which had been reserved for the time of trial, or to the taking of testimony or to some other such first step in the trial. Pa.R.Crim.P. 1100 comment. *Jung* further cited the concurring opinion by former Chief Justice Eagen in *Commonwealth v. Lamonna,* 473 Pa. 248, 373 A.2d 1355 (1977), when he interpreted the comment by stating that "the principal concern behind Rule 1100 is simply that the commencement of trial be marked by a substantive, rather than a pro forma, event. Moreover, each of the events specifically referred to in the foregoing portions of the comment represents a degree of commitment of the court's time and resources such that the process of determining the defendant's guilt or innocence follows directly therefrom. Accordingly, the beginning of any stage which leads directly into the guilt-determining process is a 'first step in the trial' for the purposes of Rule 1100." *Lamonna,* 473 Pa. at 260, 373 A.2d at 1361.

Therefore, in this case the issue becomes, did the trial commence at the point where appellant reversed his initial decision and requested a trial by jury? Like the facts in *Jung,* appellant in this case was subjected to a charge and waived his right to a trial by jury by both oral colloquy and written waiver forms.

Furthermore, after a determination that there were no pretrial motions, this court directed both parties to proceed with opening statements to which both waived. After waiving opening statements, the Commonwealth was directed to call its first witness, but because of the time of day the Commonwealth chose to preserve its examination of this witness for the next day. Because of the time of day the court agreed with the Commonwealth and directed that the trial would reconvene the next morning at 9 a.m. For the first time at 9 a.m. the next day, appellant attempted to withdraw his waiver to a trial by jury.

By carefully interpreting the current state of the law as it relates to the circumstances surrounding this case, it is clear that the trial had definitively commenced and therefore double jeopardy attached barring appellant from withdrawing his waiver to a jury trial. Because trial had commenced and this court was in the second day of such posture, appellant's first issue raised on appeal is without merit.

## B. *Fact Witnesses Qualified As Experts*

Appellant's second issue raised on appeal is whether appellant was prejudiced by the Commonwealth qualifying every fact witness as an expert in narcotics and

narcotics trafficking. This claim, like the last, has no basis.

It has long been established that expert opinion testimony is proper only where the formation of an opinion in the subject sub judice requires knowledge, information or skill beyond what is possessed by the ordinary juror. *Commonwealth v. Montavo,* 439 Pa. Super. 216, 225, 653 A.2d 700, 701 (1995), citing *Commonwealth v. Carter,* 403 Pa. Super. 615, 617-18, 589 A.2d 1133, 1134 (1991). However, an expert witness may testify to an ultimate issue of fact when such testimony will not cause confusion or prejudice. *Id.*

The reasoning behind such restrictions on expert testimony is to ensure that the jury's responsibility to ascertain and assess the facts is not stripped and corrupted by deferring to the expert's opinion. Here, however, the finder of fact was not a jury but instead the judge. Assuming arguendo that the qualifying of some of the fact witnesses as experts in narcotics and narcotics trafficking was not proper, because the finder of fact was a judge who is well trained and clear in his responsibilities and not a jury who is subject to prejudice, the opinions of such experts are irrelevant. In *Commonwealth v. Miller,* 426 Pa. Super. 410, 424, 627 A.2d 741, 749 (1993), the Superior Court stated that, "when the court is sitting as the fact-finder, it is presumed that inadmissible evidence is disregarded and that only relevant and competent evidence is considered."

Here, this court properly considered the evidence and weighed it accordingly in ultimately coming to a conclusion of guilt. Therefore, this issue, like the previous issue, lacks merit and must be dismissed.

## C. *Sentencing*

Appellant's third and final claim is that this court abused its discretion in sentencing appellant to an effective period of incarceration of 10 to 20 years. This claim, like the previous two, lacks merit.

Sentencing is an issue that is within the sound discretion of the trial court, and will not be disturbed on appeal, absent a showing that the sentence was outside the statutory limits, or the sentence was manifestly unfair. *Commonwealth v. Serrano,* 727 A.2d 1168, 1169 (Pa. Super. 1999). Moreover, a sentencing court may impose the maximum sentence authorized by law. *Commonwealth v. Archer,* 722 A.2d 203, 209 (Pa. Super. 1998). A sentence imposed that does not exceed the statutory maximum is not rendered illegal even in cases where the sentencing court considers improper factors in imposing its sentence. *Id.* at 210.

Appellant's sentence is in accordance with the guidelines. The standard range on each of the five counts on Information B is 24 months to 48 months for an aggregate term of 120 months to 240 months. Because appellant was sentenced exactly as the guidelines promulgated by the Pennsylvania Commission on Sentencing suggest, this court properly considered the sentencing guidelines in sentencing appellant. Accordingly, this claim lacks merit.

## CONCLUSION

For all of the foregoing reasons, the trial court's judgment of sentence should be affirmed.